**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-15-08295-PHX-JZB |
| Plaintiff, | **ORDER** |
| v. | |
| Mineral Park Materials, LLC, | |
| Defendant. | |

Pending before the Court is Plaintiff's Request to Clerk for Entry of Default Judgment. (Doc. 9.) On December 11, 2015, Plaintiff, United States, filed its Complaint in this matter to collect debt owed by Defendant. (Doc. 1.) On February 3, 2016, Defendant sent a Waiver of Service of Summons to Plaintiff. (Doc. 6.) However, Defendant did not file an answer or otherwise respond to Plaintiff's Complaint. *See* Fed. R. Civ. R. 12(a). The Clerk of Court entered default against Defendant on April 18, 2016. (Doc. 8.) Plaintiff now moves the Court to enter default judgment. (Doc. 9.) For the reasons below, the Court will grant Plaintiff's request for default judgment.[1]

**I.  Background**

On December 11, 2015, Plaintiff filed its Complaint in this matter to collect from Defendant monetary assessments and penalties imposed by the United States Department of Labor, Mine Safety and Health Administration (MSHA). (Doc. 1 ¶ 5.) The

---

[1] Because Defendant has not appeared or consented to Magistrate Judge jurisdiction, this Court issues an Order on Plaintiff's pending Request for Entry of Default Judgment. *See* General Order 11-03.

assessments and penalties arise from Defendant's safety violations under the Federal Mine Safety and Health Act of 1977, 30 U.S.C. § 801, *et seq.*, (the Act) as noted during MSHA inspections of Defendant's sites in Mohave, Arizona. (*Id.* ¶¶ 9-47.) Plaintiff attached to its Complaint as Exhibits thirteen Certificates of Indebtedness, which contain sworn statements by the U.S. Department of the Treasury Bureau of the Fiscal Service and detail the monetary assessments and penalties issued by MSHA to Defendant as part of MHSA's duty to enforce the Act. (Docs. 1-1 through 1-13.) Each Certificate of Indebtedness was signed under penalty of perjury and sets forth the violation date, the initial amount assessed, the fees and costs assessed, all payments made by Defendant, and the amount still owed. (*Id.*)

On January 7, 2016, Plaintiff sent a Notice of Lawsuit and Request for Waiver of Service and Summons to Defendant. (Docs. 4, 6.) On February 3, 2016, Defendant sent the signed Waiver to Plaintiff, acknowledging that Defendant had received the Complaint and that it agreed to waive formal service of the Summons and Complaint. (Doc. 6.) In addition, the Waiver stated that a Judgment could be entered against Defendant if it failed to file an answer or motion within 60 days after the Notice was sent, pursuant to Rule 12 of the Federal Rules of Civil Procedure. (*Id.*) Defendant, however, did not file an answer or otherwise respond to the Complaint.

On April 15, 2016, Plaintiff filed a Request to Clerk of Court for Entry of Default and Declaration. (Doc. 7.) That same day, Plaintiff sent a copy of the Request to Defendant. (*Id.*) On April 18, 2016, the Clerk of Court entered Default. (Doc. 8.) Plaintiff subsequently filed a Request for Entry of Default Judgment and Affidavit of Amount Due, and sent a copy to Defendant. (Doc. 9.) On July 7, 2016, the Court ordered Plaintiff to submit supplemental briefing because Plaintiff failed to address the *Eitel* factors in its Request for Entry of Default Judgment. (Doc. 10.)

On July 20, 2016, Plaintiff filed its Supplemental Briefing. (Doc. 11.) Plaintiff requests the Court enter judgment in its favor in the total amount of $52,412.80. This amount includes: (1) $37,690.06 in principal; (2) $875.60 in accrued interest as of the

date of the Complaint; (3) $452.36 in penalties; (4) $13,304.78 in fees; and (5) $90.00 in costs. Plaintiff further requests additional pre-judgment interest accrued until the date of Judgment, as well as post-judgment interest. (Doc. 9.) Below, the Court addresses Plaintiff's requests.

## II. Discussion

### a. Jurisdiction

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Here, Plaintiff, the United States, brings this action to recover fines and penalties assessed pursuant to 30 U.S.C. § 801, *et seq*. Therefore, the Court is satisfied that it has subject matter jurisdiction over this action. *See* 28 U.S.C. § 1345 ("District courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by an agency or officer thereof expressly authorized to sue by Act of Congress."); 28 U.S.C. § 1355 ("The district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress, except matters within the jurisdiction of the Court of International Trade under section 1582 of this title.").

With regard to personal jurisdiction, Plaintiff's Complaint alleges that Defendant is a corporation conducting business in Arizona. (Doc. 1 ¶¶ 2-4.) Plaintiff sent copies of the Complaint and Summons to Defendant's address in Kingman, Arizona. (Doc. 4.) In response, Defendant waived service. (Doc. 6.) Therefore, the Court is satisfied that it has personal jurisdiction over Defendant. *See Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) ("Personal jurisdiction over a defendant may be acquired in one of two ways: by personal service of that defendant or by means of a defendant's 'minimum contacts' with the jurisdiction.")

### b. Standard for Entry of Default Judgment

### i. Rule 55 of the Federal Rules of Civil Procedure

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk shall enter the party's default." Once a party's default has been entered, the district court has discretion to grant default judgment. *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (considering lack of merit in plaintiff's substantive claims, the court did not abuse its discretion in declining to enter a default judgment). Here, the Clerk of Court has entered Defendant's default. Thus, the Court may now consider Plaintiff's request for default judgment against Defendant.

### ii. The *Eitel* Factors

When deciding whether to grant default judgment, the Court considers the following "*Eitel*" factors: "(1) the possibility of prejudice to the plaintiff[;] (2) the merits of the plaintiff's substantive claim[;] (3) the sufficiency of the complaint[;] (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect[;] and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). As detailed below, the Court finds that the factors weigh in favor of granting Plaintiff's Request to Clerk for the Entry of Default Judgment against Defendant.

#### 1. Possible Prejudice to Plaintiff

The first *Eitel* factor weighs in favor of granting Plaintiff's Request. Plaintiff filed its Complaint against Defendant on December 11, 2015. (Doc. 1.) Although Defendant initially signed and sent a Waiver of Service of Summons to Plaintiff on February 3, 2016, it failed to file an answer or otherwise respond to the Complaint as required by Rule 12 of the Federal Rules of Civil Procedure. Consequently, Plaintiff filed a Request

to Clerk for Entry of Default and Declaration on April 15, 2016, and the Clerk of Court entered Default against Defendant on April 18, 2016. (Docs. 7, 8.) Plaintiff sent copies of both the Request to Clerk for Entry of Default and the Request to Clerk for Entry of Default Judgment to Defendant. (Docs. 7, 9.) Defendant has not appeared or responded to Plaintiff's Complaint, and Plaintiff has no alternative means by which to resolve its claims in the Complaint. *See Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Therefore, Plaintiff will be prejudiced if a default judgment is not entered.

### 2. Merits of Plaintiff's Claims and the Sufficiency of the Complaint

Considering the relationship between the second and third *Eitel* factors, the Court considers the merits of Plaintiff's substantive claims and the sufficiency of the Complaint together. The Ninth Circuit Court has suggested that, when combined, these factors require a plaintiff to "state a claim on which the plaintiff may recover." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1175 (citation omitted).

Pursuant to 30 U.S.C. § 820(a), the Secretary of Labor shall assess civil penalties for violations of a mandatory health or safety standard, or violation of any other provision of the Act, and each violation can be considered a separate offense. Likewise, § 820(i) provides that MSHA has "the authority to assess civil monetary penalties provided in [the] Act." Section 820(b) provides for the assessment of additional civil penalties for failure to correct a past violation, for which a citation has already been issued. Additionally, 31 U.S.C. § 3711(g)(6), and 31 U.S.C. § 3717(e), allow for the assessment of costs and penalties on a delinquent assessment payment. Finally, under 30 U.S.C. § 820(j), civil penalties owed under the Act may be recovered in "a civil action in the name of the United States brought in the United States district court for the district where the violation occurred."

Here, Plaintiff's Complaint alleges Defendant is indebted to Plaintiff for amounts totaling $52,412.80. (Doc. 1 ¶¶ 9-47.) Plaintiff alleges that MSHA issued 13 assessments related to Defendant's safety violations in Arizona under the Act. (*Id.*) The

- 5 -

Certificates of Indebtedness, sworn by the U.S. Department of the Treasury Bureau of the Fiscal Service, state the dates of Defendant's violations and certify the amounts owed under MSHA records.  (Docs. 1-1 through 1-13.)  Therefore, the Court is satisfied that Plaintiff has stated a claim on which it may recover, and the Court finds these factors weigh in favor of the entry of default judgment.

### 3.  Amount of Money at Stake

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct."  *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.  Here, this factor weighs in favor of entering default judgment.  As detailed below, with the exception of the additional pre-judgment interest Plaintiff requests, Plaintiff has satisfactorily proven up its damages in this matter through the Exhibits it submitted with its Complaint.  (Docs. 1-1 through 1-13.)  Further, Plaintiff's requested damages are not extraordinary at $52,412.80, and are consistent with the amount owed as stated in the thirteen Certificates of Indebtedness.  (*Id.*)

### 4.  Possibility of Dispute Concerning Material Facts

This factor weighs in favor of entering default judgment. Here, there is little possibility of a dispute concerning the material facts as to Defendant.  Defendant has not made any effort to challenge Plaintiff's Complaint or otherwise appear in this case, despite Defendant acknowledging receipt of the Complaint and Summons and waiving service several months ago.

### 5.  Whether Default Was Due to Excusable Neglect

The sixth *Eitel* factor considers whether the default was due to excusable neglect. There is no evidence that Defendant's failure to appear or otherwise defend was the result of excusable neglect. Plaintiff has diligently prosecuted this matter since its inception, while Defendant, who received the Complaint and Summons and chose to waive service, has failed to defend this action. Thus, the sixth *Eitel* factor weighs in favor of entering default judgment.

### 6.  Policy Disfavoring Default Judgment

Under the seventh *Eitel* factor, the Court considers the policy that, whenever possible, cases should be tried on the merits. *Eitel*, 782 F.2d at 1472. The existence of Rule 55(b), however, indicates that the preference for resolving cases on the merits is not absolute. *PepsiCo, Inc.*, 238 F. Supp. 2d. at 1177. Because Defendant has neither appeared nor responded in this action, deciding this case on the merits is "impractical," if not impossible. *Id.* Thus, the seventh *Eitel* factor does not preclude the entry of default judgment.

On balance, the Court finds that the *Eitel* factors weigh in favor of entering default judgment against Defendant.

### c. Damages

Having found that entry of a default judgment is proper here, the issue becomes one of damages. In contrast to the other allegations in the Complaint, allegations pertaining to damages are not taken as true. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). As a result, "Plaintiff is required to prove all damages sought in the complaint." *Philip Morris USA Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). "The plaintiff is required to provide evidence of its damages, and the damages sought must not be different in kind or amount from those set forth in the complaint." *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011); Fed. R. Civ. P. 54(c). "In determining damages, a court can rely on the declarations submitted by the plaintiff[.]" *Philip Morris USA*, 219 F.R.D. at 498.

On the issue of damages, Plaintiff submitted thirteen Certificates of Indebtedness, all sworn by the U.S. Department of the Treasury Bureau of the Fiscal Service, which calculate the damages owed. The Court is satisfied as to the methodology and justification for calculating damages, and will award Plaintiff damages of $52,412.80. That figure includes: (1) $37,690.06 in principal; (2) $875.60 in accrued interest as of the date of the Complaint; (3) $452.36 in penalties; (4) $13,304.78 in fees; and (5) $90.00 in costs.

However, to the extent Plaintiff seeks additional accrued pre-judgment interest beyond the $875.60 requested in the Complaint, the Court will deny that request. Pursuant to Rule 54(c) of the Federal Rules of Civil Procedure, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Here, Plaintiff's Complaint specifically requests a total of $875.60 in accrued interest on the unpaid assessments. (Doc. 1, Prayer for Relief.) Plaintiff's Complaint does not request, or reference, any additional amount of pre-judgment accrued interest. Therefore, Plaintiff cannot recover additional pre-judgment interest in a default judgment against Defendant. *See Landstar Ranger, Inc. v. Parth Enters.*, 725 F. Supp. 2d 916, 923-924, (C.D. Cal. 2010) ("Landstar did not allege entitlement to prejudgment interest in its first amended complaint, however. Because plaintiff did not pray for such damages in the complaint, and no meaningful notice of the possibility that such amounts would be awarded has been given, plaintiff cannot recover prejudgment interest.").

Finally, "[u]nder the provisions of 28 U.S.C. § 1961, post-judgment interest on a district court judgment is mandatory." *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 290 (9th Cir. 1995) (citing *Perkins v. Standard Oil Co.*, 487 F.2d 672, 674 (9th Cir. 1973)). The post-judgment interest rate is set "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding . . . the date of the judgment." *Landstar Ranger*, 725 F. Supp. 2d at 924 (quoting 28 U.S.C. § 1961(a)). Therefore, the Court will grant Plaintiff's request for post-judgment interest, compounded annually, at the prevailing rate.

Accordingly,

**IT IS ORDERED** that Plaintiff's Request to Clerk for Entry of Default Judgment (Doc. 9) is granted as provided in this Order.

**IT IS FURTHER ORDERED** that Judgment be entered for Plaintiff United States of America against Defendant in the amount of $37,690.06 in principal, $875.60 in accrued interest, $452.36 in penalties, $13,304.78 in fees, and $90.00 in costs, totaling

1  $52,412.80.  Said amount shall bear interest from the date of Judgment at the applicable
2  federal rate as defined in 28 U.S.C. §1961, compounded annually, until the Judgment is
3  paid in full.

4      **IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter
5  judgment accordingly and terminate this action.

6      **DATED** this 26th day of October, 2016.

                                                                         */s/ Stephen M. McNamee*
                                                                         Honorable Stephen M. McNamee
                                                                          Senior United States District Judge